# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CARROLL GENE JOHNSON                                                                    PLAINTIFF
ADC #138237

V.                                     NO: 5:10CV00075 JMM/HDY

SHERI FLYNN *et al.*                                                                    DEFENDANTS

## ORDER

Plaintiff, currently held at the Arkansas Department of Correction's Varner Unit, filed a *pro se* complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on March 22, 2010.  Plaintiff did not pay the $350.00 filing fee, and he did not file an application for leave to proceed *in forma pauperis*.

Under the three-strikes provision of the PLRA, a prisoner may not bring a civil action *in forma pauperis* if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision.  *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Plaintiff has had at least three prior civil actions dismissed for failure to state a claim upon which relief may be granted.[1]

---

[1] *See Johnson v. Norris et al.*, ED/AR No. 2:08CV00052; *Johnson v. Ligon et al.*, ED/AR No. 4:09CV00072; *Johnson v. Beebe et al.*, ED/AR No. 4:09CV00074; *Johnson v. Sallings et al.*, ED/AR No. 4:09CV75.

The Court additionally finds, based on the allegations contained in Plaintiff's present complaint, that he is not in imminent danger of serious physical injury. Specifically, Plaintiff makes claims regarding incorrect information being used in his sex offender screening and assessment. Plaintiff contends this has led to him "being further incarcerated and given a false risk level." Such claims do not describe imminent danger of serious physical injury. Accordingly, Plaintiff would not be entitled to *in forma pauperis* status, even if a proper application had been filed. Because Plaintiff may not proceed *in forma pauperis*, and the filing fee has not been paid, the complaint will be dismissed.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Should Plaintiff wish to continue this case, he must submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the entry date of this order, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

2. The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

DATED this 29th day of March, 2010.

_____
UNITED STATES DISTRICT JUDGE